786 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
THURMAN HUGHES, et al., TRUSTEE OF OHIO LABORERS' DISTRICT
COUNCIL-OHIO CONTRACTORS ASSOCIATION FUND; W. W. LATHROP,
JR., et al., TRUSTEES OF THE LABORERS' DISTRICT COUNCIL AND
CONTRACTORS' PENSION FUND OF OHIO; W. JOE NIEDHARDT, et al.,
TRUSTEES OF THE OHIO LABORERS' TRAINING AND UPGRADING FUND,
Plaintiffs-Appellants,
v.
BAKER CEMENT CONTRACTORS, INC., Defendant-Appellee.
 84-3078
 United States Court of Appeals, Sixth Circuit.
 2/18/86
 
 S.D.Ohio
 REMANDED
 ORDER
 BEFORE: KENNEDY and CONTIE, Circuit Judges; and GIBSON, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants, trustees of a laborers' fringe benefit fund, appeal from a denial of appellants' request for an order granting them access to certain payroll records of defendant-appellee. Appellants seek access to the records for auditing purposes. Appellee, through both a collective bargaining agreement covering employees in Butler and Warren counties, and an 'Assent of Participation' covering employees throughout the state of Ohio, obligated itself to contribute to the fund for the benefit of employees performing work as laborers. After this appeal was filed, the Supreme Court decided Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc., 53 U.S.L.W. 4811 (U.S. June 19, 1985), reversing a decision by this Court, see id., 698 F.2d 802 (6th Cir. 1983). Appellee now concedes that appellant is entitled to access to all records of employees who work in the two counties covered by the collective bargaining agreement. The remaining issue on appeal is whether the trustee must show reasonable cause for access to all records of appellee's employees who work in a county covered only by the Assent of Participation.
 
 
 2
 Appellee raises an issue not considered by the District Court in this case: whether the Assent of Participation imposes greater limits on the trustee's audit power than those found in the collective bargaining agreement in Central States. Because this issue involves interpretation of the Assent of Participation's language in light of Central States, we remand this case to the District Court so that it may apply the facts, with which it is already familiar, to the law as enumerated in Central States.
 
 
 
 *
 The Honorable Benjamin F. Gibson, U.S. District Judge for the Western District of Michigan, sitting by designation